UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN WHITE,<br><br>                          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                          Defendant. | Case No. 3:13-cv-06077-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 12, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 13, 2010, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications she became disabled beginning December 1, 2003. See ECF #10, Administrative Record ("AR") 17. Both applications were

REPORT AND RECOMMENDATION - 1

denied upon initial administrative review on November 29, 2010 and on reconsideration on March 29, 2011. See id. A hearing was held before an administrative law judge ("ALJ") on August 6, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a lay witness and a vocational expert. See AR 41-76.

In a decision dated August 30, 2012, the ALJ determined plaintiff to be not disabled. See AR 17-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 18, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481. On December 30, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on March 10, 2014. See ECF #10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred:

(1)   in failing to find she had a severe physical impairment;

(2)    in failing to properly assess plaintiff's credibility;

(3)   in failing to discuss the lay witness evidence in the record;

(4)   in rejecting the opinions of Donna C. Wicher, Ph.D., Sandra L. Lundblad, Psy.D., and Joshua J. Boyd, Psy.D.;

(5)   in assessing plaintiff's residual functional capacity ("RFC"); and

(6)   in finding her to be capable both of returning to her past relevant work and performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion evidence from Drs. Lundblad and Boyd – and thus in assessing plaintiff's RFC and in finding her

REPORT AND RECOMMENDATION - 2

1   to be capable of performing both her past relevant work and other jobs existing in significant

2   numbers in the national economy – and therefore in determining plaintiff to be not disabled.

3   Accordingly, the undersigned recommends that defendant's decision to deny benefits be reversed

4   on this basis, and that this matter be remanded for further administrative proceedings.

5                                                    DISCUSSION

6           The determination of the Commissioner that a claimant is not disabled must be upheld by

7   the Court, if the "proper legal standards" have been applied by the Commissioner, and the

8   "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler,

9   785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

10  Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D.

11  Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the

12  proper legal standards were not applied in weighing the evidence and making the decision.")

13  (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

14          Substantial evidence is "such relevant evidence as a reasonable mind might accept as

15  adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation

16  omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

17  supported by inferences reasonably drawn from the record."). "The substantial evidence test

18  requires that the reviewing court determine" whether the Commissioner's decision is "supported

19  by more than a scintilla of evidence, although less than a preponderance of the evidence is

20  required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence

21  admits of more than one rational interpretation," the Commissioner's decision must be upheld.

22  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

23  sufficient to support either outcome, we must affirm the decision actually made.") (quoting

REPORT AND RECOMMENDATION - 3

1    Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

2        The ALJ is responsible for determining credibility and resolving ambiguities and

3    conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

4    Where the medical evidence in the record is not conclusive, "questions of credibility and

5    resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639,

6    642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v.

7    Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining

8    whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

9

10   all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

11   within this responsibility." Id. at 603.

12       In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

13   "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this

14

15   "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

16   stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences

17   "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may

18   draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881

19   F.2d 747, 755, (9th Cir. 1989).

20       The record contains mental residual functional capacity assessments from Dr. Lundblad

21

22   _____

23   [1] As the Ninth Circuit has further explained:

          . . . It is immaterial that the evidence in a case would permit a different conclusion than that
24        which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
          substantial evidence, the courts are required to accept them.  It is the function of the
25        [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
          not try the case de novo, neither may it abdicate its traditional function of review.  It must
26        scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
          rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

1    and Dr. Boyd, in which they found plaintiff had the ability "to carry out simple 1-2 step

2    instructions," but not "more detailed instructions." AR 85, 110. Plaintiff argues the ALJ erred in

3    failing to discuss this finding in his decision.  Defendant asserts that "[b]y definition, simple,

4    routine tasks require a limited number of steps," and therefore the ALJ did not err in failing to

5    adopt a specific restriction concerning 1-2 step instructions. ECF #17, p. 12. But the undersigned

6    agrees with plaintiff that given the ALJ's determinations at steps four and five discussed below,

7    this omission cannot be said to be harmless.[2]

8

9        Defendant employs a five-step "sequential evaluation process" to determine whether a

10   claimant is disabled. <u>See</u> 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

11   disabled or not disabled at any particular step thereof, the disability determination is made at that

12   step, and the sequential evaluation process ends. <u>See id.</u> If a disability determination "cannot be

13   made on the basis of medical factors alone at step three of that process," the ALJ must identify

14   the claimant's "functional limitations and restrictions" and assess his or her "remaining

15   capacities for work-related activities." Social Security Ruling 96-8p, 1996 WL 374184 *2. A

16   claimant's RFC assessment is used at step four to determine whether he or she can do his or her

17   past relevant work, and at step five to determine whether he or she can do other work. <u>See id.</u>

18

19       Residual functional capacity thus is what the claimant "can still do despite his or her

20   limitations." <u>Id.</u> It is the maximum amount of work the claimant is able to perform based on all

21   of the relevant evidence in the record. <u>See id.</u> However, an inability to work must result from the

22   claimant's "physical or mental impairment(s)." <u>Id.</u> Thus, the ALJ must consider only those

23   limitations and restrictions "attributable to medically determinable impairments." <u>Id.</u> In assessing

24   a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

25

26
_____
[2] <u>See</u> <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); <u>Parra v. Astrue</u>, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

REPORT AND RECOMMENDATION - 5

1    functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

2    medical or other evidence." Id. at *7.

3              In this case, the ALJ found plaintiff could perform "**simple, routine, repetitive work**

4    **without public contact**," and would work "**best alone and not as part of a team to complete**

5    **tasks in the workplace**." AR 21. The claimant has the burden at step four of the disability

6    evaluation process to show that he or she is unable to return to his or her past relevant work. See

7    Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Plaintiff argues – and defendant does

8    not contest the fact – that because the record fails to clearly show she performed her prior jobs at

9    a level constituting past relevant work, the ALJ's step four determination that she could perform

10   such work is not supported by substantial evidence.

11             That leaves the ALJ's alternative determination at step five of the sequential disability

12   evaluation process. If a claimant cannot perform his or her past relevant work at step four, at step

13   five of that process the ALJ must show there are a significant number of jobs in the national

14   economy the claimant is able to do. See id.; 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The

15   ALJ can do this through the testimony of a vocational expert or by reference to defendant's

16   Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v.

17   Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

18             An ALJ's findings will be upheld if the weight of the medical evidence supports the

19   hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987);

20   Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony

21   therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See

22   Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the

23   claimant's disability "must be accurate, detailed, and supported by the medical record." Id.

REPORT AND RECOMMENDATION - 6

1    (citations omitted). The ALJ, however, may omit from that description those limitations he or

2    she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

3           At the hearing, the ALJ posed a hypothetical question to the vocational expert containing

4    substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual

5    functional capacity. See AR 72. In response to that question, the vocational expert testified that

6    an individual with those limitations would be able to perform other jobs. See AR 72-73. Based

7    on the testimony of the vocational expert, the ALJ found plaintiff could perform other jobs

8    existing in significant numbers in the national economy. See AR 23-24.

9           Plaintiff argues, and the undersigned agrees, that because the jobs the vocational expert

10   identified are defined by the Dictionary of Occupational Titles ("DOT") as requiring level 2

11   reasoning (see DOT 361.685-018, DOT 381.687-018), had the ALJ adopted the limitation to

12   carrying out  1-2 step instructions Dr. Lundblad and Dr. Boyd found – which equates to level 1

13   reasoning – both jobs would be precluded from consideration, and thus the ALJ's step five

14   determination could not stand. Accordingly, the ALJ's failure to properly address that limitation

15   cannot be said to be harmless.

16          It is true that several courts have found a limitation to simple, repetitive tasks to be

17   consistent with level 2 reasoning. See, e.g., Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir.

18   2005); Meissl v. Barnhart, 403 F.Supp.2d 981, 983-85 (C.D. Cal. 2005); Flaherty v. Halter, 182

19   F.Supp.2d 824, 850-51. But as plaintiff points out, Dr. Lundblad and Dr. Boyd did not find he

20   was able to perform such tasks, but rather more restrictively that she was limited to carrying out

21   1-2 step instructions.  This, as plaintiff also points out, much more closely comports to level 1

22   reasoning. See DOT, Appendix C ("Apply commonsense understanding to carry out simple one-

23   or two-step instructions. Deal with standardized situations with occasional or no variables in or

REPORT AND RECOMMENDATION - 7

1    from these situations encountered on the job."). Thus, had the ALJ adopted the limitation to 1-2

2    step instructions, he might have come to a different conclusion here at step five.

3            The Court may remand this case "either for additional evidence and findings or to award

4    benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

5    proper course, except in rare circumstances, is to remand to the agency for additional

6    investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations

7    omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

8    unable to perform gainful employment in the national economy," that "remand for an immediate

9    award of benefits is appropriate." Id.

10           Benefits may be awarded where "the record has been fully developed" and "further

11   administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan

12   v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded

13   where:

14
15           (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
             claimant's] evidence, (2) there are no outstanding issues that must be resolved
16           before a determination of disability can be made, and (3) it is clear from the
             record that the ALJ would be required to find the claimant disabled were such
17           evidence credited.

18   Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

19   Because issues still remain in regard to the opinion evidence from Dr. Lundblad and Dr. Boyd,

20   and therefore in regard to plaintiff's mental residual functional capacity, as well as her ability to

21   perform other jobs existing in significant numbers in the national economy, remand for further

22   consideration of those issues is warranted.

23                                          CONCLUSION

24           Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

25   REPORT AND RECOMMENDATION - 8

1   improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as

2   well that the Court reverse the decision to deny benefits and remand this matter for further

3   administrative proceedings in accordance with the findings contained herein.

4           Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

5   72(b), the parties shall have **fourteen (14) days** from service of this Report and

6   Recommendation to file written objections thereto. <u>See also</u> Fed. R. Civ. P. 6.  Failure to file

7   objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>,

8   474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

9   is directed set this matter for consideration on **September 12, 2014**, as noted in the caption.

10          DATED this 25th day of August, 2014.

11

12

13

14

15                                          Karen L. Strombom
                                            United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 9