UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN WHITE,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:13-cv-06077-BHS-KLS<br><br>REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412<br><br>Noted for February 27, 2015 |

  This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of a motion for attorney fees in the amount of $4,079.17 and expenses in the amount of $20.31, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. After reviewing plaintiff's motion, defendant's response to that motion, and the remaining record, the undersigned recommends that for the reasons set forth below plaintiff's motion should be granted.

FACTUAL AND PROCEDURAL HISTORY

 On August 25, 2014, the undersigned issued a Report and Recommendation, recommending that defendant's decision to deny plaintiff's applications for disability insurance and supplemental security income benefits be reversed, and that this matter be remanded for further administrative proceedings. *See* Dkt. 19. That Report and Recommendation was adopted

REPORT AND RECOMMENDATION - 1

by the Court on September 22, 2014. *See* Dkt. 20.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).[1] Such a plaintiff is considered a prevailing party even when the case is remanded for further

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.") A remand under sentence four thus "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854. A sentence six remand, on the other hand, "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." *Id.* at 855. Instead, "'[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.'" *Id.* (citing *Melkonyan*, 501 U.S. at 102).

REPORT AND RECOMMENDATION - 2

administrative proceedings. *Id.* There is no issue here as to whether plaintiff is a prevailing party given that the Court reversed defendant's decision to deny benefits and remanded this matter for further administrative proceedings. In addition, there is no argument that special circumstances making an award of attorney's fees unjust exist in this case.

As noted above, to be entitled to attorney fees under the EAJA, defendant's position must not be "substantially justified." *Jean*, 496 U.S. at 158. Normally, for defendant's position to be "substantially justified," this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing *Pierce*, 487 U.S. at 565); *see also Jean*, 496 U.S. at 158 n.6; *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean 'justified to a high degree.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Pierce*, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. *See Gutierrez*, 274 F.3d at 1258. Defendant's position must be "*as a whole*, substantially justified." *Gutierrez*, 274 F.3d at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each stage of the proceedings.'" *Corbin*, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether

REPORT AND RECOMMENDATION - 3

the government's ultimate disability determination was substantially justified."); *Flores*, 49 F.3d at 569 (claimant entitled to attorney's fees unless Commissioner could show "her position with respect to the issue on which the court based its remand was 'substantially justified'").

The government thus must establish it was substantially justified both in terms of "the underlying conduct of the ALJ" and "its litigation position defending the ALJ's error." *Gutierrez*, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id.*; *see also Kali*, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[2]; *Thomas v. Peterson*, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." *Sampson*, 103 F.3d at 922 (quoting *Flores*, 49 F.3d at 570 n.11).

The EAJA does create "a presumption that fees will be awarded unless the government's position was substantially justified." *Thomas*, 841 F.2d at 335; *see also Flores*, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified).

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 4

Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali*, 854 F.2d at 332, 334; *Thomas*, 841 F.2d at 335.

In reversing and remanding this matter, the Court found the ALJ had erred in failing to discuss the mental residual functional capacity assessments of Sandra L. Lundblad, Psy.D., and Joshua J. Boyd, Psy.D., in which they noted plaintiff had the ability to carry out simple, one-to-two step instructions, but not more detailed ones. The Court found this error to be significant because the ALJ determined that plaintiff was capable of performing simple, routine, repetitive work, and therefore that she could perform other jobs in the national economy, each of which require Level 2 reasoning. The Court agreed with plaintiff, however, that Level 2 reasoning is not consistent with the limitation to carrying out one-to-two step instructions Drs. Lundblad and Boyd assessed, and therefore that the ALJ might have come to a different step five determination had he properly considered that limitation.

Defendant argues the ALJ's decision had a reasonable basis in both law and fact, and thus the government was substantially justified in defending this action. The undersigned disagrees. It is true that as defendant points out, other courts have found a limitation to one-to-two step instructions to be not incompatible with Level 2 reasoning. *See* Dkt. 23, pp. 3-4 (citations). Thus, had the ALJ properly considered that limitation and adopted it and still found plaintiff to be capable of performing the Level 2 reasoning jobs, then the government's position might have had a reasonable basis in law, even though the ALJ's step five determination was in error. Here, though, the ALJ's initial error requiring reversal was his failure to properly consider the one-to-two step limitation Dr. Lundblad and Dr. Boyd assessed.

Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." *Lewis v. Barnhart*, 281 F.3d

REPORT AND RECOMMENDATION - 5

1081, 1085 (9th Cir. 2002) (quoting *Corbin*, 149 F.3d at 1053). In *Corbin*, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. *Corbin*, 149 F.3d at 1053. In *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in *Corbin* in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in *Corbin*, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." *Id.*

      The ALJ's failure in this case to specifically discuss the mental functional limitation Dr. Lundblad and Dr. Boyd assessed is just such a fundamental procedural mistake, given that that limitation clearly constitutes significant probative evidence the ALJ was required to address. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (ALJ must explain why "significant probative evidence has been rejected"). Defendant argues as well that the government's position has a reasonable basis in fact, asserting that the record shows plaintiff had performed semi-skilled work in the past, did not stop working due to a mental impairment, had not sought or received much in the way of mental health treatment, and saw improvement in her symptoms once she began receiving treatment. But given that the ALJ did not discuss the assessments of Drs. Lundblad and Boyd, it is far from clear that he would have declined to adopt those assessments for the reasons defendant now posits.

## CONCLUSION

      For all of the foregoing reasons, the undersigned recommends that plaintiff's motion for

REPORT AND RECOMMENDATION - 6

attorney fees in the amount of $4,079.17 and expenses in the amount of $20.31 pursuant to the EAJA (*see* ECF #22) be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **February 27, 2015**, as noted in the caption.

DATED this 12th day of February, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7